IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 11-cv-00096-ZLW

PROBUILD HOLDINGS, INC., and
PROBUILD COMPANY LLC f/k/a PROBUILD EAST LLC,

    Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA;
THE HARTFORD CASUALTY INSURANCE COMPANY;
THE HARTFORD FIRE INSURANCE COMPANY;
TWIN CITY FIRE INSURANCE COMPANY;
HARTFORD UNDERWRITERS INSURANCE COMPANY;
FIREMEN'S FUND INSURANCE COMPANY; and
ST. PAUL SURPLUS LINES INSURANCE COMPANY,

    Defendants.

## ORDER OF REMAND

This matter comes before the Court on the Notice Of Removal (Doc. No. 1) filed on January 12, 2011. This Court issued an Order To Show Cause (Doc. No. 27) to the Defendants as to whether this Court has jurisdiction to hear this case. After reviewing the parties' responses, the Court discharges the Order To Show Cause and orders that this case be remanded to state court.

The case is removed to this Court solely on the basis of diversity jurisdiction.[1] Defendant St. Paul Surplus Lines Insurance Company (St. Paul) admits that both it and

---

[1] 28 U.S.C. § 1332.

Plaintiff ProBuild Holdings, Inc. are citizens of Delaware so complete diversity does not exist between the parties.[2]  However, Defendants Travelers Property Casualty Company of America (Travelers) and St. Paul argue that St. Paul has been fraudulently joined and should be disregarded for purposes of determining diversity jurisdiction.[3]

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end.[4]  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[5]  "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand.[6]

Fraudulent joinder creates a narrow exception to the requirement of complete diversity in cases where there is no viable cause of action asserted against a non-diverse defendant, such that their inclusion in a case amounts to a patent "sham or fraudulent device."[7]  Defendants must "show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in

---

[2] See 28 U.S.C. § 1332(a)(1).

[3] Notice Of Removal (Doc. No. 1; Jan. 11, 2011) at 8 ¶ 23; Torres v. Am. Family Mut. Inc. Co., No. 07-cv-01330-MSK-MJW, 2008 U.S. Dist. LEXIS 21665, at *6-7 (D. Colo. Mar. 19, 2008) (Krieger, J.); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).

[4] In re Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

[5] Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004).

[6] Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted); see also Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 332 (10th Cir. 1982).

[7] Smoot v. Chicago Rock Island & Pacific Ry. Co., 378 F.2d 879, 882 (10th Cir. 1967).

state court; or that there has been outright fraud in plaintiff's representations as to jurisdictional facts."[8]

In this case, Defendants have failed to demonstrate that Plaintiffs have committed "outright fraud" in their Complaint.  Instead, Defendants argue that Plaintiffs have no viable claims against St. Paul and, therefore, St. Paul is not a proper party to this lawsuit.

The Court finds that Defendants' arguments fail to meet the high burden necessary to prove fraudulent joinder.[9]  Defendants are essentially asking the court to "pre-try" claims to determine whether recovery is possible.[10]  The Court finds that Plaintiffs claims against St. Paul are not meritless and easily meet the low threshold required to defeat a fraudulent joinder attack.[11]  Accordingly, it is

ORDERED that the Order To Show Cause (Doc. No. 27; Jan. 27, 2011) is discharged.  It is

FURTHER ORDERED that Plaintiffs' Motion For Leave To File Surreply (Doc. No. 31; Mar. 8, 2011) is denied.  It is

---

[8]Frontier Airlines, Inc. v. United Air Lines, Inc., 758 F.Supp. 1399, 1404 (D. Colo. 1989) (*citing* Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981); Monroe v. Consolidated Freightways, Inc., 654 F.Supp. 661, 662-63 (E.D. Mo. 1987)).

[9]Frontier Airlines, 758 F.Supp. at 1404-05.

[10]Id. at 1404.

[11]"If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." Id. (*citing* Coker, 709 F.2d at 1440-41; Dailey v. Elicker, 447 F.Supp. 436, 438 (D. Colo. 1978)).

3

FURTHER ORDERED that this action is remanded to the District Court, Boulder County, Colorado, pursuant to 28 U.S.C. § 1447(c).

DATED at Denver, Colorado, this 23rd day of March, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court